**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CRUMP INSURANCE SERVICES, INC.**                                       **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO. 4:09CV133**

**PAOLI MANAGEMENT GROUP, INC.,
d/b/a CAPITAL RISK INSURANCE**                                        **DEFENDANT**

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before this court is a motion for default judgment [docket no. 9] filed by plaintiff Crump Insurance Services, Inc. against defendant Paoli Management Group, Inc. d/b/a Capital Risk Insurance.

Plaintiff Crump Services filed its complaint in this court on October 13, 2009, against defendant Paoli Management Group. Plaintiff served the defendant on November 19, 2009. The defendant failed to timely respond in accordance with Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure which requires that "[a] defendant must serve an answer within 21 days after being served with the summons and complaint . . ."

Plaintiff filed a motion for entry of default [docket no. 7] on December 14, 2009, pursuant to Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides the procedure by which a party may seek the entry of default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff having properly sought such entry, by motion and supporting affidavit, the clerk entered a default against the defendant on

December 15, 2009.

Having reviewed the record, this court finds that defendant has failed to respond to any pleadings or otherwise appear in this court concerning the matter at hand. Plaintiff's application for default judgment is well taken and is granted. The court will contact plaintiff in order to set a hearing on damages[1]. Plaintiff should be prepared at said hearing to submit proof of defendant's indebtedness and any other damages requested. Plaintiff should further be prepared to present the court with proof of attorney's fees, including the hourly rate of plaintiff's counsel and time expended and the affidavit of another attorney attesting to reasonableness.

**SO ORDERED** this 28th day of April, 2010.

s/ **HENRY T. WINGATE**

_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Civil Action No. 4:09cv133
Order Granting Default Judgment

---

[1] Rule 55(b) provides that:

The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
    (A) conduct an accounting;
    (B) determine the amount of damages;
    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.